**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BODENSEE FUND, LLC, et al.,** | : | |
| **Petitioners,** | : | |
| **v.** | : | **CIVIL NO. 07-MC-0111** |
| | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **TREASURY- INTERNAL REVENUE** | : | |
| **SERVICE** | : | |
| **Respondent.** | : | |
| | : | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

**RUFE, J.**                                                                              **May 2, 2008**

At issue is a Petition to Quash two tax summonses issued by the Internal Revenue Service
("IRS") to Michael Koretsky, an individual taxpayer who engaged in transactions subject to IRS
investigation involving Bodensee Fund, LLC, Longmeadow Trading, LLC, and Queen Trading,
LLC (collectively "Petitioners"). Actions regarding transactions and circumstances identical to
those involved in this matter have been filed in federal district courts throughout the country,
some of which are still pending. Currently before the Court is the Petition to Quash, the
Government's Motion to Enforce IRS Summonses, and Petitioners' Motion for an Evidentiary
Hearing. For the reasons that follow, the Court will deny the Petition to Quash and the Motion
for an Evidentiary Hearing, and grant the Government's Motion to Enforce IRS Summonses.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In this matter, the IRS claims to be examining transactions that generated losses claimed
from writing down, or reducing the book value of, "distressed debt," which consisted of aged

accounts receivable and apparently post-dated checks obtained from one or more Brazilian consumer electronic stores.  Transactions of this nature are referred to as Distressed Asset Debt ("DAD") tax shelters, and were the subject of a publicly released IRS Coordinated Issue Paper in 2007.  The IRS examines such transactions to determine the correctness of the returns filed by entities that allegedly passed on losses to United States taxpayers, such as Michael Koretsky.  Koretsky, a resident of Yardley, Pennsylvania, is a United States taxpayer who allegedly participated in DAD tax shelter transactions currently under investigation by the IRS.  Through his interest in the Petitioner entities, Koretsky claimed losses on his federal income tax returns related to such transactions.  The IRS alleges that Koretsky purchased and engaged in two DAD tax shelter transactions, one involving Queen Trading, LLC and the other involving Bodensee Fund, LLC.[1]  Petitioners are Illinois limited liability companies in the business of managing consumer receivables and collections for creditors, primarily in Brazil.

Alleging that Petitioners engaged in DAD tax shelter transactions, the IRS audited Petitioners, covering the taxable period of January 2003 to December 2004, requesting numerous documents, which Petitioners claim to have properly provided.  The IRS issued additional requests, directed to Koretsky, for the purpose of comparison with the documents produced on his behalf by Petitioner Bodensee.  Specifically, the IRS issued two summonses to Koretsky, one pertaining to Petitioner Queen Trading and the other to Bodensee, which required Koretsky to testify and produce documents related to the DAD tax shelters he allegedly engaged in with Petitioners, in furtherance of its examination of Petitioners' respective Form 1065 Returns of Partnership Income.  The IRS also issued similar letters to taxpayers throughout the United States

---

[1] Longmeadow Trading, LLC is the holding company for Bodensee Fund, LLC, and is also a Petitioner.

based on their alleged participation in certain DAD tax shelters with Petitioners.  In response, Petitioners filed Freedom of Information Act requests upon the IRS to determine the reason for its investigation.  Thereafter, Petitioners filed this action seeking to quash the summonses.

Petitioners assert that the information sought is already in the IRS's possession, that the summonses issued to Koretsky were not issued for a legitimate purpose, and that the Internal Revenue Code ("IRC") administrative procedures have not been followed by the IRS.  Petitioners further allege that the summonses were issued as a "pre-litigation discovery tool" in an attempt to secure information that would not otherwise be available through traditional discovery. Petitioners further allege that the issuance of summonses to Koretsky is part of a nationwide harassment effort, identical to the IRS's improper actions in other cases involving Petitioners and similarly situated entities, and thus evidence of bad faith motives by the IRS.  The IRS has presented the affidavit of IRS Agent Larry Weinger ("Weinger Affidavit") in support of its argument that the summonses were issued for a legitimate purpose: to determine the correctness of certain tax returns filed by entities under investigation, which passed on losses to United States taxpayers.  The IRS claims that taxpayer-participants in the DAD tax shelters, through their interest in one or more entities like Petitioners', claimed losses on their tax returns related to these transactions of roughly $39,000,000 in 2003 and $119,000,000 in 2004.

In response to the Petition to Quash, the IRS filed a Motion to Enforce the IRS Summonses, and Petitioners responded by filing a Motion for an evidentiary hearing.  The Court then held oral argument to address the legitimacy of the tax summonses.  During oral argument, it was discovered that John E. Rogers, an attorney for Petitioners, presented documents to the IRS on behalf of Koretsky, and that Koretsky never presented documents personally.  Rogers also

presented the only affidavit on behalf of Petitioners to the Court, challenging the IRS's

legitimacy argument in support of the Koretsky summonses.  Prior to its analysis of the evidence

derived from the oral argument, the Court directed the parties to present legal arguments as to

whether a person authorized by a power of attorney may complete the full tax obligations of a

taxpayer on their behalf when the taxpayer is summoned by the IRS to present documents and

affidavits.  This issue is now briefed and ripe for determination.

## II. DISCUSSION

### A. Legal Standard

To defeat a petition to quash and obtain a judicial enforcement of an IRS summons, the

IRS must make out a prima facie case of legitimacy by showing that: 1) the investigation is for a

legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information sought is

not already in the IRS's possession; and 4) the administrative steps of the IRC have been

followed.[2]  Many courts have interpreted the requirement of legitimate purpose to mean nothing

more than that the government's summons must be issued in "good faith."[3]

Once the IRS makes a prima facie showing, the burden shifts to petitioners to prove that

enforcement of the summons would be an abuse of the court's process.[4]  The taxpayer retains the

right to "challenge the summons on any appropriate ground."[5]  Courts applying <u>Powell</u> have held

---

[2] <u>See</u> <u>United States v. Rockwell Intern</u>, 897 F.2d 1255, 1261 (3d Cir. 1990) (citing <u>United States v. Powell</u>, 379 U.S. 48, 58 (1964)).

[3] <u>See, e.g.</u>,  <u>United States v. Garden State Nat'l Bank</u>, 607 F.2d 61, 67 (3d Cir. 1979) (citing <u>United States v. LaSalle Nat'l Bank</u>, 437 U.S. 309, 313-318 (1978) <u>overruled by statute on other grounds</u>).

[4] <u>Powell</u>, 379 U.S. at 58.

[5] <u>Reisman v. Caplin</u>, 375 U.S. 440, 449 (1964).

-4-

that an "appropriate ground" for challenging the summons exists when the taxpayer disproves one of the four elements of the government's <u>Powell</u> showing, or otherwise demonstrates that enforcement of the summons will result in an abuse of the court's process.[6]  This standard is described as a "heavy burden,"[7] one that is only satisfied under the most "exceptional circumstances."[8]  The Third Circuit has stated that when the IRS has not made a criminal service recommendation, the taxpayer's burden is "virtually unassailable."[9]

In order to properly challenge the IRS's prima facie case, Petitioners must present evidence in the form of affidavits.[10]  Without evidence to rebut the IRS' legitimacy argument(s), the tax summons cannot be quashed.  In this case, the only evidence presented to the Court is the affidavit of Petitioners' attorney, John E. Rogers.  Therefore, the Court must determine whether Rogers' affidavit can fully satisfy Koretsky's obligations under the IRS summonses, or whether Koretsky must personally present testimony and documents to the IRS and the Court.

### B.  Petition to Quash

The "uncontroverted averments of the IRS agent who caused the summonses to be issued clearly establish a prima facie case for enforcement."[11]  That is to say, the agent's affidavit shows that the IRS has a legitimate purpose for its investigation, the inquiry may be relevant to that

---

[6] <u>See, e.g.</u>, <u>United States v. Falgione</u>, 395 F. Supp. 2d 241, 243 (W.D. Pa. 2005).

[7] <u>Pickel v. United States</u>, 746 F.2d 176, 183-85 (3d Cir. 1984).

[8] <u>See, e.g.</u>, <u>United States v. Smith</u>, No. 99-3953, 2000 U.S. App. LEXIS 21035, at *3 (6th Cir. Aug. 11, 2000).

[9] <u>Garden State Nat'l Bank</u>, 607 F.2d at 70 (quoting <u>United States v. Genser</u>, 595 F.2d 146 (3d Cir. 1979)).

[10] <u>Id.</u> at 71 (stating that mere allegations "supporting a 'bad faith' defense are, as we have stated, insufficient, if conclusionary.").

[11] <u>Knepp v. United States</u>, No. 98-93, 1998 WL 546077, at *1 (E.D. Pa. Aug. 25, 1998).

purpose, the IRS does not already possess the information sought, and the IRC administrative

steps have been followed.[12]  In this case, the IRS presented the Declaration of Larry Weinger to

establish the legitimacy of its summonses to Koretsky, and therefore, it has sufficiently

established its prima facie case.  The burden now shifts to Petitioners to disprove one of the four

elements of the IRS's <u>Powell</u> showing, or otherwise demonstrate that enforcement of the

summons will result in an abuse of the court's process.

Petitioners assert that an individual empowered by a valid power of attorney can fully

satisfy the obligations of a taxpayer to respond to an IRS summons, and that Rogers has properly

done so on behalf of Koretsky here.  Petitioners further allege that the information the IRS seeks

from Koretsky is already in its possession in the form of the Rogers Affidavit, filed on behalf of

Koretsky, and therefore, the IRS has failed to establish a prima facie case of legitimacy.  The tax

code states that a "[r]epresentatives holding a power of attorney . . . may be authorized by such

taxpayer to represent the taxpayer in any interview described [in 7521 (a)]."[13]  The code also

provides that "the Internal Revenue Service may not require a taxpayer to accompany the

representative in the absence of an administrative summons issued to the taxpayer."[14]  These

provisions have been interpreted to mean that a taxpayer may have a power of attorney represent

him in all tax matters before the IRS.  However, the exception is when a summons has been

issued to the taxpayer to appear on his own behalf, in which case the taxpayer must present

---

[12] <u>Id.</u> (citing <u>Powell</u>, 379 U.S. at 57-58; <u>Federal Deposit Ins. Co. v. Wentz</u>, 55 F.3d 905, 908 (3d Cir. 1995)).

[13] 26 U.S.C.§ 7521(c).

[14] <u>Id.</u>

evidence himself in order to fulfill his obligations under the summons.[15]

The Third Circuit has not yet spoken to this particular situation, where a designated power of attorney attempts to represent a taxpayer when producing documents in response to an IRS summons. However, two sister courts have entertained this exact issue in cases involving the same parties and types of transactions as those involved in this case.[16] In <u>Sterling Trading</u>, the court reasoned that:

> [E]ven if the IRS had already received the materials summoned from Rogers, it would nevertheless be empowered [to] request them from [the summoned taxpayer], because a "thorough investigation" can involve "review [of] records of the same . . . transactions . . . maintained by . . . third-party recordkeepers [sic], in order to ascertain whether the information in each set of documents is consistent.[17]

Thus, these recent identical cases rejected the respective petitioners' arguments that the IRS's failed to establish prima facie cases of legitimacy on the ground of the IRS already having the summoned material in its possession because only the summoned taxpayer's attorney produced materials in response to the summons, not the taxpayer himself. Instead, the IRS properly sought materials from the summoned taxpayer so they could "double check" the records produced by the representing attorney against those produced directly by the taxpayer for consistency.[18] In this case, the affidavit produced by Rogers in response to the IRS's summonses

---

[15] <u>See, e.g.</u>, <u>United States v. Leach</u>, Nos. 90-2112/2129, 1990 WL 80451, at *1 (D. Kan. May 8, 1990).

[16] <u>Sterling Trading, LLC v. United States</u>, No. 07-915, 2008 U.S. Dist. LEXIS 30902, at *19 (C.D. Cal. Feb. 14, 2008); <u>Lyons Trading, LLC v. United States</u>, No. 07-13, 2008 U.S. Dist. LEXIS 9682, at *1 (E.D. Tenn. Feb. 8, 2008).

[17] <u>Sterling Trading</u>, 2008 U.S. Dist. LEXIS 30902, at *19; <u>accord</u> <u>Lyons Trading</u>, 2008 U.S. Dist. LEXIS 9682, at *13-14.

[18] <u>Sterling Trading</u>, 2008 U.S. Dist. LEXIS 30902, at *19 n.5 ("Sterling Trading's argument that [the documents summoned are already in the IRS's possession] is nonsensical. The IRS is not seeking to 'double check the records provided by Rogers with the same records with which Rogers provided the IRS,' but rather is seeking to 'double check' the records provided by Rogers against the records [the summoned taxpayer] may provide.") (internal

to Koretsky, albeit on behalf of Koretsky authorized by a power of attorney, is similarly insufficient to show that the IRS cannot establish a prima facie case of legitimacy because it already possesses the materials summoned.  Only Koretsky himself can fully satisfy his obligations to present testimony and documents in response to the IRS summonses issued to him, and because he has not done so in this case, Petitioners' argument fails.

Additionally, Petitioners' two remaining arguments – that the summonses were not issued for a legitimate purpose and that the IRC administrative procedures have not been followed – also fail because Petitioners have not presented affidavits, or any other evidence, to sufficiently support these arguments and refute the IRS's prima facie case.[19]

### C. Evidentiary Hearing

Next, Petitioners argue that they are entitled to an evidentiary hearing to challenge the summonses.  The Third Circuit has held that an evidentiary hearing may be granted in only two circumstances: 1) where Petitioners have presented a disputed issue of fact, through affidavits and particularized facts; or 2) where a proper affirmative defense is presented, such as bad faith, through an affidavit.[20]  Because the sole affidavit on record submitted by Petitioners was filed by Rogers, Petitioners' attorney, and not Koretsky himself, Petitioners' argument for an evidentiary hearing fails as well.

The Court rules that without Koretsky, the summoned taxpayer, having submitted a personal affidavit challenging the IRS's factual support for the summonses, and without his own

---

citations omitted).

[19] See, e.g., Garden State Nat'l Bank, 607 F.2d at 71-74.

[20] United States v. McCarthy, 514 F.2d 368 (3d Cir. 1975).

presentation of an affidavit in support of his bad faith allegation, the Court must deny Petitioners'

Motion for an evidentiary hearing.

**CONCLUSION**

For the foregoing reasons, the Court denies the Petition to Quash and Petitioners' Motion

for an evidentiary hearing, and grants the IRS's Motion to Enforce the Summonses.

An appropriate Order follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
|  | : |  |
| **BODENSEE FUND, LLC, et al.,** | : |  |
| **Petitioners,** | : |  |
| v. | : | **CIVIL NO. 07-MC-0111** |
|  | : |  |
| **UNITED STATES DEPARTMENT OF** | : |  |
| **TREASURY - INTERNAL REVENUE** | : |  |
| **SERVICE** | : |  |
| **Respondent.** | : |  |
|  | : |  |

---

## ORDER

      **AND NOW**, this 2nd day of May, 2008, upon consideration of Petitioners'

Petition to Quash [Doc. No. 1], the Government's Motion to Enforce IRS Summonses [Doc. No.

15], Petitioners' Motion for an Evidentiary Hearing [Doc. No. 32], and the parties' Supplemental

Briefs [Docs. No. 37 & 39], it is hereby

      **ORDERED** that the Petition to Quash is **DENIED**;

      **ORDERED** that the Petitioners' Motion for an Evidentiary Hearing is **DENIED**;

and

      **ORDERED** that the Government's Motion to Enforce IRS Summonses is

**GRANTED**.

      The Clerk of Court shall **CLOSE** this case.

      It is so **ORDERED**.

                   **BY THE COURT:**

                   **/s/ Cynthia M. Rufe**
                   **CYNTHIA M. RUFE, J.**